[S. F. No. 13175. In Bank.—April 22, 1930.]

JULES RISPAUD et al., Respondents, v. RENEE RISPAUD et al., Appellants.

Owen D. Richardson and Donald B. Richardson for Appellants.

David M. Burnett and John M. Burnett for Respondents.

LANGDON, J.—This is an appeal from a judgment quieting the title of each of four plaintiffs to an undivided one-fifth interest in forty acres of land in Santa Clara County, California, described as the southwest quarter of the northwest quarter of section 10, township 8 south, range 2 west, M. D. M., hereinafter referred to as Parcel "A." ▉ It is contended by the defendants upon this appeal that the evidence is insufficient to support the findings, and that the trial court erred in not ruling that another action was pending at the commencement of this action and that this action should, therefore, have abated.

The facts necessary for an understanding of the relationship of the various parties are disclosed by documentary evidence, from which it appears:

By December 30, 1878, Joseph Rispaud and Marius Garcin had acquired, jointly, the following described parcels of real property: South half of the southwest quarter, and the northeast quarter of the southwest quarter, and the southeast quarter of the northwest quarter of section 10, township 8 south, range 2 west, M. D. M., and also the northwest quarter of the southwest quarter of section 10.

These parties were, therefore, the joint owners, on the date mentioned, of the entire southwest quarter of section 10 and also the joint owners of the southeast quarter of the northwest quarter of the same section. This entire tract will be referred to as Parcel "B."

On this date, that is December 30, 1878, neither Garcin nor Rispaud, jointly or severally, owned any interest in the land involved in this case, that is Parcel "A," that parcel still being vested in the government.

On June 11, 1885, Garcin and Rispaud were still the joint owners of Parcel B and had not acquired any other land, jointly or severally, in that section. On the last-men-

tioned date they partitioned their joint holdings. This was done, as disclosed by the record, by two deeds: One from Joseph Rispaud to Marius Garcin conveying all of the west half of section 10, township 8 south, range 2 west, lying north of the Saratoga Turnpike road, and one from Marius Garcin to Joseph Rispaud conveying all of the west half of section 10, township 8 south, range 2 west, M. D. M., lying south of the Saratoga Turnpike road. From an examination of the map found in the record, it is to be seen that the Saratoga Turnpike road roughly bisects Parcel B, the larger portion being south of the road. It is to be noted that at that time the two parties did not own the entire west half of section 10, although both deeds executed in connection with the partition use that general description. It was the obvious intent and purpose of the parties to divide up their joint interest in Parcel B. Neither party, at that time, owned or claimed any interest in Parcel A, although it is part of the west half of section 10 and lies north of the Saratoga Turnpike road.

On February 25, 1902, the state of California patented to Joseph Rispaud the land described above as Parcel A. As heretofore stated, Parcel A is part of the west half of section 10 and lies north of the Saratoga Turnpike road. The defendants, claiming through Garcin, among other things, claim that the deed of 1885 served to pass this after-acquired property to them. It is clear, in our opinion, that the doctrine that after-acquired title inures to the benefit of the grantee, has no application to such a case. The basis of that doctrine is estoppel, and when the facts clearly show that there was no misrepresentation, directly or indirectly, then there is nothing for the estoppel to act upon. The partition deeds used a very general description—the first time in the whole chain of title that that description was used. It seems perfectly obvious that it was not the intention of the parties to the partition deeds to include Parcel A in the deeds, even though it is covered in a general way by the description used. In other words, the trial court read the description in this partition deed as being qualified by the holdings of the parties at its date.

It is true the record contains other evidence relied upon by appellants to show a contrary intention of the parties to the partition deeds, such as mortgages, etc., executed

later by the successors of Garcin, in which the same general description is given, which was copied, evidently, from the deed in partition given by Rispaud to Garcin, but the most that can be said of this evidence is that the trial court might have resolved the doubt in favor of defendants as there were facts and circumstances in evidence which would have warranted a different conclusion from the one reached. However, we cannot say that the conclusion reached was an improper or unreasonable one from the record.

The court also found in favor of plaintiffs upon the issue of adverse possession, but it is not necessary to discuss this additional reason for the judgment entered.

As to the defense that another action was pending between the same parties, involving the same rights, the judgment-roll in the other action relied upon shows that said action was between other parties than those of record in the instant case; nor do the parties in the prior case occupy the same relative positions as those in the instant case, that is to say, the parties in the prior case are not in privity with all the parties herein; also, the issues in the two cases are not identical. In the former action, the predecessor in interest of defendants (Henry Rispaud) was a party plaintiff, whereas the successors in interest of Henry Rispaud are now made defendants by those who joined with him in bringing the former action. Furthermore, the former action was brought by a number of plaintiffs who claimed to own all the land involved in the present action, against four defendants, three of whom disclaimed any right in the land and the fourth answered, setting up that he held the record title to the land and wished to have it adjudged that he was the owner of a right of way across it, which seems to have been the extent of the claim of the predecessor in title of the defendants in the former case, while in the instant case, the defendants claim to own the legal and equitable title in fee to the land. The ruling of the court, therefore, upon this question was correct. (1 Cal. Jur. 31, sec. 11 et seq.)

The judgment is affirmed.

Preston, J., Richards, J., Shenk, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.